**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| GOURA NDIAYE, | ) Case No. 4:20-cv-01703 |
| | ) |
| Plaintiff, | ) Judge J. Philip Calabrese |
| | ) |
| v. | ) Magistrate Judge |
| | ) Kathleen B. Burke |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

On February 22, 2021, the Court held a Case Management Conference.  The following attended:

Ruth E. Hartman and Austin N. Davis for Plaintif Goura Ndiaye.

Marlon Primes and Lisa Hammond Johnson appeared for Defendant United States of America.

Timothy J. Bojanowski appeared for Defendant CoreCivic, Inc.

1.     Under Local Rule 16.2, this case is assigned to the complex track.

2.     Under Local Rule 16.4, this case was not referred to Alternative Dispute Resolution at this time.  However, the Court directed the parties to focus their initial efforts in written discovery on obtaining the core documents and information needed for an early evaluation of the case and the possibility of mediation or other ADR.

3.     Currently, the parties do not consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

4. Under Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1, the schedule for this matter will proceed as follows:

| | |
|---|---|
| Initial disclosures: | 3/3/2021 |
| Motions to amend pleading or add additional parties: | 8/23/2021 |
| Motions directed to pleadings: | 9/23/2021 |
| Status conference: | 5/17/2021 |

5. The next status conference is scheduled for May 17, 2021 at 2:00 pm and will be held in Courtroom 16-B of the Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, Ohio.

6. The parties agree to follow the form protective order found in Appendix L to the Local Rules, which the Court will issue by separate order. The parties agree to follow the default standard for discovery of electronically-stored information found in Appendix K to the Local Rules.

7. Pursuant to Rule 502(d) of the Federal Rules of Evidence, an inadvertent disclosure of a communication or information covered by the attorney-client privilege or work-product protection made in connection with this litigation shall not constitute a waiver of that privilege or protection in this or any other federal or state proceeding.

**The Court's Standing Order**

The Court incorporates its Civil Standing Order here and refers the parties to it, particularly with respect to the participation of younger lawyers. The standing order is available on Judge Calabrese's page on the Northern District of Ohio's

2

website and will be updated from time to time.  Counsel should also familiarize themselves with the Local Rules regarding briefing, motions and memoranda, and discovery requirements.  During the course of litigation, any questions or concerns regarding any aspect of this case should be directed to (216) 357-7265.

**Discovery Disputes and Materials**

The Court expects parties to make all reasonable efforts to resolve discovery disputes among themselves, as Rule 37(a)(1) requires.  Generally, such efforts require conferring by telephone, not simply by email.  Before filing any discovery motion (motion to compel, motion to quash, motion for protective order, etc.), the parties should advise the Court, which will handle the matter according to the procedure in Local Rule 37.1(a).  The Court orders that no party may file any discovery motion without first personally conferring and exhausting the procedures in Local Rule 37.1(a).

Without leave of Court, no discovery materials shall be filed, except as necessary to support motions.  If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts.  The Court will not consider factual allegations or arguments relying on the record that do not cite specific pages in the record or that are unsupported by the record citation provided.

**Electronic Filing**

This case is subject to mandatory electronic filing pursuant to Local Rule 5.1(c).  If not already done, all counsel must complete Attorney Registration Forms and

3

return them to the Clerk of Court as soon as possible so that attorney user accounts can be established.  An Attorney Registration Form is in the Policies and Procedures Manual.    In    addition,    counsel    can    easily    register    online    at: https://www.ohnd.uscourts.gov/attorney-registration-change-nameaddress-primary-email.

A *pro se* litigant (a party who does not have a lawyer) may register to receive a "read only" electronic filing account so that he/she may access documents in the system and receive electronic notice, but all of his or her filings must be completed manually, as typically only registered attorneys, as Officers of the Court, are permitted to file electronically.

Only counsel of record will be notified of court proceedings.  Moreover, both counsel and *pro se* litigants have an affirmative duty to notify the Court of any change in address and/or other contact information.  Counsel shall follow the instructions for updating contact information via the procedures set forth on the Court's public website.  *See* Attorney Registration Change of Name/Address instructions set forth at www.ohnd.uscourts.gov.  *Pro se* litigants shall file a written notice of change of address with the Court.

**SO ORDERED**.

Dated:  February 23, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio